UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| TOMMIE SLACK,<br><br>              Petitioner,<br><br>   v.<br><br>DOUG WADDINGTON,<br><br>             Respondent. | Case No. C05-5664RBL<br><br>REPORT AND RECOMMENDATION<br><br>Noted for February 10, 2006 |

      Petitioner is a state prisoner currently incarcerated at the Stafford Creek Correction Center, located in Aberdeen, Washington. This matter is before the Court on petitioner's petition for writ of *habeas corpus* filed with this court pursuant to 28 U.S.C. § 2254. After a careful review of the record, the undersigned submits the following report and recommendation, recommending the court deny the petition as untimely.

## DISCUSSION

      On October 6, 2005, petitioner filed an application to proceed *in forma pauperis* and a petition for writ of *habeas corpus* pursuant to 28 U.S.C. § 2254. (Dkt. #1). The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") imposes a one-year statute of limitations on petitions for writ of *habeas corpus* filed in federal court by persons in custody pursuant to the judgment of a state court. <u>Dictado v. Ducharme</u>, 244 F.3d 724, 726 (9th Cir. 2001); 28 U.S.C. § 2244(d). Section 2244(d) reads:

      (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of --

> (A) the date on which the judgment became final by conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review;  or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d).  This one-year statute of limitations is tolled for "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." Dictado, 244 F.3d at 726; 28 U.S.C. § 2244(d)(2).  Conversely, the AEDPA's statute of limitations "is not tolled from the time a final decision is issued on direct state appeal and the time the first state collateral challenge is filed because there is no case 'pending' during that interval." Nino v. Galaza, 183 F.3d 1003, 1006 (9th Cir. 1999).

For those persons in state custody whose convictions became final prior to the enactment of the AEDPA, the statute of limitations began to run on April 24, 1996, the date the AEDPA was enacted, and expired one year later on April 24, 1997, unless statutory tolling applied. Calderon v. United States Dist. Ct. (Beeler), 128 F.3d 1283, 1286 (9th Cir.1997), *overruled in part on other grounds by* Calderon v. United States Dist. Ct. (Kelly), 163 F.3d 530, 540 (9th Cir.1998) (en banc); Patterson v. Stewart, 251 F.3d 1243, 1246 (9th Cir. 2001).

In addition, the exhaustion of state court remedies is a prerequisite to the granting of a petition for writ of *habeas corpus*. 28 U.S.C. § 2254(b)(1).  If exhaustion is to be waived, it must be waived explicitly by respondent. 28 U.S.C. § 2254(b)(3).  A waiver of exhaustion, thus may not be implied or inferred.  A petition can satisfy the exhaustion requirement by providing the highest state court with a full and fair opportunity to consider all claims before presenting them to the federal court. Picard v. Connor, 404 U.S. 270, 276 (1971); Middleton v. Cupp, 768 F.2d 1083, 1086 (9th Cir. 1985).  Full and fair presentation of claims to the state court requires "full factual development" of the claims in that forum. Kenney v. Tamayo-Reyes, 504 U.S. 1, 8 (1992).

1   It is not enough that all of the facts necessary to support the federal claim were before the state courts, or that a somewhat similar state law claim was made. Duncan v. Henry, 513 U.S. 364, 366 (1995) (citing Picard v. Connor, 404 U.S. 270 (1971) and Anderson v. Harless, 459 U.S. 4 (1982)). A federal claim is "fairly and fully" presented to the state courts if the claim is presented "(1) to the proper forum, (2) through the proper vehicle, and (3) by providing the proper factual and legal basis for the claim." Insyxiengmay v. Morgan, 403 F.3d 657, 668 (9th Cir. 2005) (internal citations omitted). The petitioner "must alert the state courts to the fact that he is asserting a federal claim in order to fairly and fully present the legal basis of the claim." Id.

The claim must be fairly presented in "each appropriate state court," that is, at each level of state review, so as to alert the state "to the federal nature of the claim," and to give it the "opportunity to pass upon and correct" alleged violations of the petitioner's federal rights. Baldwin v. Reese, 541 U.S. 27, 29 (2004) (citations and internal quotation marks omitted); see also Ortberg v. Moody, 961 F.2d 135, 138 (9th Cir. 1992). The federal basis of the claim, furthermore, must be made "explicit" in the state appeal or petition, "either by specifying particular provisions of the federal Constitution or statutes, or by citing to federal case law." Insyxiengmay, 403 F.3d at 668; Baldwin, 541 U.S. at 33.

In his petition, petitioner requested federal *habeas corpus* relief from administrative sanctions that he alleges were imposed on him by the Department of Corrections, resulting from three administrative disciplinary hearing decisions issued on March 21, June 11 and June 25, 2003, respectively. Petitioner's Petition, p. 2 (Dkt. #1). Petitioner stated that he appealed these decisions to the "administrative level" at the Washington State Penitentiary. Id. He further stated that he filed a civil rights complaint pursuant to 42 U.S.C. § 1983 regarding this matter with the United States District Court Eastern District of Washington, which dismissed his complaint on July 30, 2004. Id. at pp. 3, 4.[1] There was no indication, however, that petitioner ever sought relief from the state courts regarding this matter.

Thus, the undersigned found the petition did not indicate that petitioner's grounds for federal *habeas corpus* relief had been properly exhausted in state court. Specifically, the petition did not show that his claims for federal *habeas corpus* relief had been presented to the Washington State Supreme

---

[1] These page numbers are the page numbers that appear on the *habeas corpus* petition form petitioner has used. However, because petitioner has inserted a number of additional pages further explaining the grounds for his request for *habeas corpus* relief between form page 3 and form page 4, form page 4 is actually the ninth page of the document.

REPORT AND RECOMMENDATION
Page - 3

1  Court. In addition, it appeared from the face of the petition that more than one year had passed since
2  petitioner last challenged this matter at the state level, and there was no indication that any proceeding
3  regarding this matter was currently pending in state court. It therefore appeared that the petition was now
4  time barred as well.

5       For the foregoing reasons, on December 6, 2005, the undersigned issued an order to show cause
6  informing petitioner that his federal *habeas corpus* petition would not be served on respondent. (Dkt. #6).
7  The court, however, granted petitioner the opportunity to show that he had exhausted his state court
8  remedies and that his petition was not in fact time-barred, by filing by no later than January 6, 2006, an
9  amended petition explaining why this matter should not be dismissed for the above reasons.

10       On December 27, 2005, petitioner filed a response to the court's order to show cause, along with
11  supporting exhibits. As noted above, the last of the three administrative hearing decisions petitioner is
12  challenging was issued on June 25, 2003. According to petition, the first state personal restraint petition
13  he filed with respect to those decision was filed on October 20, 2003. Plaintiff's "Order to Show Cause"
14  ("Plaintiff's Response"), p. 3 (Dkt. #8). Thus, nearly four months had passed during that period. It also
15  appears from the documentation that final disposition of petitioner's state court challenges became final on
16  January 4, 2005. Plaintiff's Response, Exhibit Two, p. 2. Petitioner waited another ten months to file his
17  federal *habeas corpus* petition with this court on October 5, 2005. As such, it appears the one-year statute
18  of limitations already had passed before petitioner filed his petition.

19       Although the "AEDPA's statute of limitations is subject to equitable tolling," it is "unavailable in
20  most cases." Corjasso v. Ayers, 278 F.3d 874, 877 (9th Cir. 2002) (citation omitted). Equitable tolling "is
21  appropriate only 'if extraordinary circumstances beyond a prisoner's control make it impossible to file a
22  petition on time.'" Id. (citations omitted); Frye v. Hickman, 273 F.3d 1144, 1146 (9th Cir. 2001); Allen v.
23  Lewis, 255 F.3d 798, 799-800 (9th Cir. 2001). "External forces," not petitioner's "lack of diligence" must
24  account for his or her failure to file a timely petition. Miles v. Prunty, 187 F.3d 1104, 1107 (9th Cir. 1999).
25  As the Ninth Circuit Court of Appeals has held:

> It will normally be much more difficult for a prisoner to demonstrate causation where
> he encounters the "extraordinary circumstances" in the beginning or middle of the
> limitations period than where he encounters them at the end of limitations period. This
> is the case because, if the prisoner is diligently pursuing his habeas petition, the
> one-year limitations period will ordinarily give him ample opportunity to overcome
> such early obstacles.

REPORT AND RECOMMENDATION
Page - 4

1  Allen, 255 F.3d at 800; see also Valverde v. Stinson, 224 F.3d 129, 134 (2nd Cir. 2000) (prisoner required
2  to demonstrate causal relationship between extraordinary circumstances and lateness of filing); Fisher v.
3  Johnson, 174 F.3d 710, 715-16 (5th Cir. 1999) (rejecting equitable tolling claim because petitioner still had
4  over six months to complete federal *habeas corpus* petition after termination of allegedly extraordinary
5  circumstances).  Further, ignorance of the law, "even for an incarcerated pro se petitioner, generally does
6  not excuse prompt filing." Marsh v. Soares, 223 F.3d 1217, 1220 (9th Cir. 2000) (quoting Fisher, 174 F.3d
7  at 714.  Here, there is no indication that extraordinary circumstances beyond petitioner's control made it
8  impossible for him to file his petition on time.

9  Petitioner argues that equitable tolling should apply in this case, because he was put in segregation
10 in early April 2005, until early August 2005, whereupon he was transferred to another facility. Petitioner's
11 Response, pp. 6-7.  Petitioner further alleges that he had no access to his legal property or legal resources
12 during this time period.  Nevertheless, he still had four months from the date his state court proceedings
13 became final until the date he was put in segregation in which to file his federal *habeas corpus* petition.
14 Petitioner has not set forth any reasons why he did not do so during that time period.

15 Moreover, even if the undersigned were to find the one-year statute limitations had not expired in
16 this case (a finding which, as explained above, the undersigned does not make), petitioner has failed to
17 show he exhausted his state court remedies.  That is, petitioner still has not shown he presented his claims
18 for federal *habeas corpus* relief to the state's highest court.  None of the exhibits petitioner has attached to
19 his response to the court's order to show cause indicate that he presented any of his current grounds for
20 seeking federal *habeas corpus* relief to the state's highest court as federal claims.  Accordingly, it appears
21 that petitioner has failed to exhaust his state court remedies as well.

## CONCLUSION

23 Because it appears that petitioner has failed to timely file his federal *habeas corpus* petition within
24 the AEDPA's one year statute of limitations, and because it also appears he has failed to exhaust all of his
25 state court remedies, the court should deny the petition.

26 Pursuant to 28 U.S.C. § 636(b)(1) and Federal Rules of Civil Procedure ("Fed. R. Civ. P.") 72(b),
27 the parties shall have ten (10) days from service of this Report and Recommendation to file written
28 objections thereto. See also Fed.R.Civ.P. 6.  Failure to file objections will result in a waiver of those

REPORT AND RECOMMENDATION
Page - 5

objections for purposes of appeal. <u>Thomas v. Arn</u>, 474 U.S. 140 (1985). Accommodating the time limit imposed by Fed. R. Civ. P. 72(b), the clerk is directed to set this matter for consideration on **February 10, 2006**, as noted in the caption.

DATED this 13th day of January, 2006.

*/s/ Karen L. Strombom*
Karen L. Strombom
United States Magistrate Judge

REPORT AND RECOMMENDATION
Page - 6